FILED & JUDGMENT ENTERED
David E. Weich

Jan 22 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HENDRICKS FURNITURE GROUP, LLC,[1] | ) | Case No. 09-50790 |
| et. al. | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER CONFIRMING FIRST AMENDED JOINT CONSOLIDATED PLAN OF REORGANIZATION OF HENDRICKS FURNITURE GROUP, LLC AND ITS AFFILIATE DEBTORS AND DEBTORS-IN-POSSESSION PROPOSED BY HENDRICKS FURNITURE GROUP, LLC AND ITS AFFILIATE DEBTORS DATED: DECEMBER 7, 2009

Upon consideration of the First Amended and Restated Joint Consolidated Plan of Reorganization of Hendricks Furniture Group, LLC and its Affiliated Debtors and Debtors-in-Possession Proposed by Hendricks Furniture Group, LLC and Its Affiliated Debtors Dated December 7, 2009 (the "Debtors") (as modified and supplemented herein, the "Plan")[2] filed by Hendricks Furniture Group, LLC and its Affiliated Debtors on December 8,

---

[1] The jointly administered cases are those of the following: Hendricks Furniture Group, LLC, d/b/a Boyles Distinctive Furniture and d/b/a NaJa Oriental Rugs, Case no. 09-50790; Classic Moving & Storage, Inc., Case no. 09-50791; and Norris Furniture and Interiors, Inc.. Case no. 09-50792.

[2] Any capitalized term used, but not defined herein, shall have the meaning ascribed to it in the Plan.

{00174166 v 1}

2009; the Disclosure Statement for the Plan, dated December 7, 2009 (as amended, the

"Disclosure Statement"), approved by the Bankruptcy Court and transmitted to the Debtors'

creditors and other parties-in-interest in accordance with the Order of the Bankruptcy Court

dated December 9, 2009  (the "Disclosure Statement Order"), which, among other things,

approved the Disclosure Statement under section 1125 of title 11 of the United States Code

(the "Code"); the various Certificates of Service filed on or about December 18, 2009

regarding service of the voting and non-voting Plan solicitation packages on Holders of

Claims and Interests and other parties in interests; the Ballot Report of The Finley Group,

Inc. as Balloting Agent reporting on the ballots accepting or rejecting the Plan filed on

January 15, 2010, the Amended Ballot Report filed on January 19, 2009 and the Supplement

to the Amended Ballot Report filed on January 20, 2010 (collectively, the "Ballot Report")

and the Declaration of Mark S. Jones in Support of Confirmation of Chapter 11 Plan of

Hendricks Furniture Group, LLC and Its Affiliate Debtors (the "Jones Declaration") filed on

January 18, 2010; and a hearing having been held before this Court on January 20, 2010 (the

"Confirmation Hearing") to consider confirmation of the Plan; and due notice of the

Confirmation Hearing having been given to all parties in interest in accordance with the

Disclosure Statement Order; and the appearance of all interested parties having been noted

on the record; and based upon the evidence offered at the Confirmation Hearing, upon the

entire record of the Chapter 11 Cases and upon all of the proceedings held before the

Bankruptcy Court; and after due deliberation;[3]

THE BANKRUPTCY COURT FINDS AND CONCLUDES THAT:

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as
findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

A.  Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Code and should be confirmed.

B.  Judicial Notice.  The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

C.  Order Approving the Disclosure Statement.  The Bankruptcy Court entered the Disclosure Statement Order that, among other things, approved the Disclosure Statement as containing adequate information within the meaning of section 1125(a) of the Code.

D.  Disclosure Statement Order.  The Disclosure Statement Order also, among other things, (i) fixed Wednesday, January 20, 2010, at 9:30 a.m. (ET) as the date for the commencement of the Confirmation Hearing, (ii) fixed Wednesday, January 13, 2010 as the deadline for receipt of Ballots (the "Ballot Deadline") and (iii) fixed Wednesday, January 13, 2010, as the last date and time for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline").

E.  Transmittal Of Solicitation Packages.  The Plan, Disclosure Statement, the Disclosure Statement Order and a letter from Creditors' Committee were transmitted to all Holders of Claims and Interests and other parties in interest and in addition appropriate

ballots as to Classes 1, 6, 7, 8 and 9 (collectively, the "Voting Classes") were transmitted to the Holders of Claims or Interests within the Voting Classes in accordance with Bankruptcy Rule 3017(d) and the Disclosure Statement Order, all as set forth in the various Certificates of Service filed with the Bankruptcy Court on or about December 18, 2009.

F.   Ballot Report.   The Balloting Agent filed the initial Ballot Report on January 15, 2010.   An Amended Ballot Report was filed on January 19, 2009 and a Supplement to Amended Ballot Report was proffered at the hearing on January 20, 2010 and filed on January 20, 2010.   Collectively, these reports (the "Ballot Report") certify the method and results of the ballot tabulation for each of the voting classes.

G.   Transmittal And Mailing Of Materials; Notice.   Adequate and sufficient notice of the Disclosure Statement, the Plan and the Disclosure Statement Order including the other bar dates, deadlines and hearings described in the Disclosure Statement Order was given in compliance with the Code, the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

H.   Solicitation.   Solicitation of votes on the Plan by the Debtors was conducted in good faith and in compliance with sections 1125 and 1126 of the Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Code, and all other rules, laws, and regulations.

I.   Ballots.   All procedures used to distribute the solicitation packages to the applicable holders of Claims and Interests and to tabulate ballots were fair and conducted in accordance with the Disclosure Statement Order, the Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other applicable rules, laws, and regulations.

J.   Impaired Classes Voting To Accept The Plan.   As evidenced by the Ballot Report, Class 1, Class 6, Class 7, Class 8 and Class 9 have accepted the Plan pursuant to the requirements of sections 1124 and 1126 of the Code.   Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Code.

K.   Burden Of Proof.   The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) of the Code by a preponderance of evidence, which is the applicable evidentiary standard.   The Bankruptcy Court also finds that the Debtors have satisfied the elements of sections 1129(a) of the Code under the clear and convincing standard of proof.

L.   Plan Compliance With Code (11 U.S.C. § 1129(a)(1)).   The Plan complies with the applicable provisions of the Code, thereby satisfying section 1129(a)(1) of the Code.

a.   Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).   Article IV of the Plan designates Classes of Claims and Interests for the Debtors.   The Claims and Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.   Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests.   Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Code.

b.   Specification Of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).   Article IV of the Plan specifies the Classes of Claims that are unimpaired.   Thus, the Plan satisfies section 1123(a)(2) of the Code.

c.    Specification Of Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article IV of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan. Article IV of the Plan specifies the treatment of Claims and Interests in all such Classes. Thus, the Plan satisfies section 1123(a)(3) of the Code.

d.    No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest. Thus, the Plan satisfies section 1123(a)(4) of the Code.

e.    Implementation Of Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for implementation of the Plan, including without limitation as described in Articles V, VI, VII, VIII, IX, X and XI of the Plan. Thus, the Plan satisfies section 1123(a)(5) of the Code.

f.    Prohibition against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6)). No stock or membership interest of the Debtors will be distributed under the Plan that does not allow for voting power. Thus, the Plan satisfies section 1123(a)(6) of the Code.

g.    Selection of the Designated Officers (11 U.S.C. § 1123(a)(7)). Through the Plan, the Debtors have adequately disclosed the identity of the individuals proposed to serve on or after the Effective Date as the managers and officers of the Reorganized Debtors. The appointment and employment of these

individuals and proposed compensation are consistent with the interests of the holders of Claims and with public policy. Thus, section 1123(a)(7) of the Code is satisfied.

       h.     <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Code, including, without limitation, provisions for (a) distributions to holders of Allowed Claims, (b) the disposition of executory contracts and unexpired leases, (c) resolution of the Disputed Claims, (d) allowance or disallowance of Claims, (e) exculpation of various persons as set forth in the Plan and (f) the various injunctions set forth in the Plan.

       i.     <u>Fed. R. Bankr. P. 3016(a)</u>.  The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

       j.     <u>Fed. R. Bankr. P. 3016(c)</u>.  The Plan describes in specific and conspicuous language all acts to be enjoined that are not otherwise enjoined under the Code and entities that would be subject to the injunction under the Plan, thereby satisfying Bankruptcy Rule 3016(c).

M.  <u>Proponents' Compliance With Code (11 U.S.C. § 1129(a)(2))</u>.  Except as otherwise provided or permitted by orders of the Bankruptcy Court, the Debtors have complied with the applicable provisions of the Code, the Bankruptcy Rules, the Disclosure Statement Order, and other orders of this Bankruptcy Court thereby satisfying section 1129(a)(2) of the Code. Specifically, the Debtors are proper debtors under section 109 of the Code and are proper proponents of the Plan under section 1121 of the Code.

N. <u>Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law and this Confirmation Order was not procured by fraud, thereby satisfying section 1129(a)(3) of the Code.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the Plan and all modifications thereto.  The Chapter 11 Cases were filed and the Plan was proposed, with the legitimate and honest purpose of reorganizing and maximizing the value of the Debtors' Estates and the recovery to holders of Allowed Claims.

O.  <u>Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases prior to the Confirmation Date, including administrative expense and substantial contribution claims under sections 503 and 507 of the Code, or in connection with the Plan and incident to the Chapter 11 Cases, either has been approved by or is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Code.

P.  <u>Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Debtors have complied with section 1129(a)(5) of the Code and have disclosed the identity of the managers, board of directors and officers of the Debtors.  The appointment of the board of directors, managers and officers is consistent with the interests of holders of Claims and with public policy.

Q.  <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

R.  Best Interests Test (11 U.S.C. § 1129(a)(7)).  The Plan satisfies section 1129(a)(7) of the Code.  The Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence or challenged in any objections to the Plan, (3) are based upon reasonable and sound assumptions and (4) establish that each holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Code on such date.

S.  Acceptance By Certain Classes (11 U.S.C. § 1129(a)(8)).  Administrative Claims, Fee Claims, Priority Tax Claims and Claims in Class 2, Class 3, Class 4 and Class 5 are unimpaired by the Plan, and, under section 1126(f) of the Code, are conclusively presumed to have accepted the Plan.  Class 1, Class 6, Class 7, Class 8 and Class 9 which are all of the Impaired Classes under the Plan voted to accept the Plan both in the required number of accepting votes and in the required dollar amounts of Claims accepting.  The "Summary B – Amended" to the Amended Ballot Report reports the final balloting on a consolidated basis as follows: (1) Class 1 accepted by both 100% of votes and amounts accepting; (2) Class 6 accepted by both 100% of votes and amounts accepting; (3) Class 7 accepted by 89.47% of votes cast and by 87.05% of dollar amounts accepting; (4) Class 8 accepted by 97.59% of the votes cast and by 82.25% of the dollar amounts accepting; and Class 9 accepted by 100% of the Equity Interests accepting the Plan.  Pursuant to the Plan and as approved by the Bankruptcy Court at the Confirmation Hearing, the Ballot Report is accepted by the Bankruptcy Court and treated on a consolidated basis.

T.   <u>Treatment Of Administrative And Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Claims, Fee Claims, Priority Non-Tax Claims and Secured Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(A-D) of the Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(C) of the Code.

U.   <u>Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10))</u>.   Class 1, Class 6, Class 7, Class 8 and Class 9 in the Chapter 11 Cases are Impaired Classes of Claims that have voted to accept the Plan.

V.   <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.   Section 1129(a)(11) of the Code is satisfied by the Plan and confirmation of the Plan is not likely to be followed by a chapter 7 liquidation of the Debtors.  The Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence and (3) establish that the Plan is feasible.

W.   <u>Payment Of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Debtors have paid or will pay, on the Effective Date, or as soon thereafter as practicable, all fees due and payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Code.  The Debtors shall continue to file quarterly reports and pay all fees due and payable under 28 U.S.C. § 1930 until the closing of the Chapter 11 Cases.

X.   <u>Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)</u>. Sections 1129(a)(13)-(16) are inapplicable as the Debtors (i) do not provide retiree benefits as defined in section 1124 of the Code; (ii) have no domestic support obligations; (iii) are not individuals; and (iv) are a for profit business.

{00174166 v 1}

Y. <u>Principal Purpose Of Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the

Securities Act of 1933 (15 U.S.C. § 77e).

Z. <u>Additional Findings For the Confirmation Order</u>. The following additional

findings are in aid of Confirmation of the Plan and constitute technical or non-material

changes and do not materially adversely affect or change the treatment of any Claims or

Interests. Accordingly, pursuant to Bankruptcy Rule 3019, such additional findings do not

require additional disclosure under section 1125 of the Code or resolicitation of votes under

section 1126 of the Code, nor do they require that Holders of Claims in the Voting Classes be

afforded an opportunity to change previously cast acceptances or rejections of the Plan. The

additional findings are as follows:

(1)    On or about August 6, 2009, the Debtors entered into a letter agreement (the

"Letter Agreement") with Sherrill Furniture Co. ("Sherrill"), Branch Banking and Trust

Company ("BB&T"), Jane Hendricks, and Larry Hendricks concerning a consignment

relationship that Sherrill and the Debtors desired to establish. The Letter Agreement

provides that certain furniture (the "Floor Samples and Open Stock") delivered by Sherrill to

the Debtors would be delivered on a consignment basis, and therefore Sherrill would retain

title to the Floor Samples and Open Stock. The Letter Agreement further set forth the

parties' intention that this consignment arrangement would expand at a later date at the

option of the Debtors and Sherrill, such that Sherrill would extend credit to the Debtors to

purchase the previously consigned Floor Samples and Open Stock. In exchange, if such

credit financing was extended, the Debtors would grant Sherrill a purchase money security

interest in the Floor Samples and Open Stock, which would be a superior lien than that of

BB&T and/or Jane Hendricks and/or Larry Hendricks.

Pursuant to this Confirmation Order, the Letter Agreement is reaffirmed, and nothing herein is intended to abridge the terms thereof. In addition, the Debtors are authorized on a post-confirmation basis to enter into financing arrangements with Sherrill or other vendors in their sole discretion (subject to restrictions, if any, set forth in the Exit Financing).

(2)    The Allowed Claim of GE Commercial Finance Business Property Corporation ("GE Commercial Finance") is secured by real estate and improvements located in Guilford County, North Carolina (4201 Furniture Avenue, High Point, N.C.) and classified and treated pursuant to Section 4.5 (Class 5) of the Plan. GE Commercial Finance's Allowed Claim described herein shall include payment of principal, interest, and reasonable attorneys' fees of up to an amount of $25,000 regarding this Allowed Claim pursuant to and in accordance with (a) the Note and Deed of Trust of GE Commercial Finance evidencing its Allowed Claim, (b) the Proof of Claim filed by GE Commercial Finance on its Allowed Claim asserting and preserving such right and (c) the treatment set forth pursuant to Section 4.5 (Class 5) of the Plan.

(3)    Based upon the terms of the Plan, any Holder of a Class 8 Claim who (a) failed to return a Class 8 Ballot, (b) failed to specifically designate on the Class 8 Ballot only one of the three treatment options, or (c) designated more than one option for treatment on the Class 8 Ballot will be deemed to have elected treatment under Class 8B. Based upon the Ballots returned and the Class 8 Claims who failed to return Ballots, the Class 8B Minimum Amount was reached.

AA.    Good Faith Solicitation (11 U.S.C. § 1125(e)). The Debtors, and their respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in

good faith and in compliance with the applicable provisions of the Code and the Disclosure Statement Order and are entitled to the protections afforded by section 1125(e) of the Code and the exculpation and limitation of liability provision set forth in the Plan.

BB. <u>Rejection of Executory Contracts and Unexpired Leases</u>.   The Debtors have exercised reasonable business judgment in determining whether to assume or reject executory contracts and unexpired leases as set forth in Article VII of the Plan and in accordance with Schedule 7.1 of the Plan filed with the Plan Supplement. Each pre- or post-Confirmation assumption or rejection of an executory contract or unexpired lease pursuant to the Plan and assignment, if any, shall be legal, valid and binding upon the Debtors and their assignees or successors and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate Final Order of the Bankruptcy Court entered before the Confirmation Date under section 365 of the Code.   The executory contracts and unexpired leases (as they may have been modified) listed by the Debtors on Schedule 7.1 of the Plan as filed with the Plan Supplement are assumed by the Reorganized Debtors.

CC. <u>Conditions To Confirmation and Effective Date; Waiver of Conditions</u>.   The conditions to Confirmation set forth in Section 9.1 of the Plan have been satisfied, waived or will be satisfied by entry of this Confirmation Order.  The conditions to the Effective Date set forth in Section 9.2 of the Plan are reasonably likely to be satisfied.  Pursuant to Section 9.3 of the Plan, each of the conditions set forth in the Plan may be waived in whole or part by the Debtors without any other notice to parties in interest or the Bankruptcy Court and without hearing or leave of this or any other court; provided that, the Debtors may not waive

the conditions set forth in Sections 9.2(c) and 9.2(d) of the Plan without the consent of BB&T.

DD. Retention Of Jurisdiction. The Bankruptcy Court properly may retain jurisdiction over the matters set forth in the Plan, including, without limitation,  Section 11.1 of the Plan after the Effective Date; provided, however, that nothing in the Plan or this Confirmation Order shall be effective to expand the jurisdiction of the Bankruptcy Court following the occurrence of the Effective Date beyond that jurisdiction which is provided for in section 1142 of the Code, 28 U.S.C. § 157 and/or 28 U.S.C. § 1334.

EE. Substantive Consolidation. On the Effective Date, all assets and liabilities of the Debtors will be consolidated for purposes of distribution under the Plan.  As a result, Claims filed against multiple Debtors seeking recovery of the same debt shall only receive a single Distribution (to the extent that such Claims are or may be Allowed) from the consolidated estates.  The entry of this Order confirming the Plan shall constitute approval pursuant to Sections 105(a) and 1123(a)(5)(C) of the Code of the substantive consolidation of the Debtors and their respective Estates as set forth in the Plan, including, without limitation, Section 5.4 of the Plan.  Notwithstanding the foregoing, (i) treatment proposed by the Debtors to the Holders of Allowed Secured Claims against each Debtor after the Effective Date shall be unaffected by such substantive consolidation; (ii) any Liens that are maintained, recognized, or preserved hereunder shall be unaffected by the substantive consolidation; (iii) any claims under or with respect to any insurance policy of any Debtor (or any right to the proceeds of any such policy or policies shall be unaffected by the substantive consolidation; and (iv) equity interest shall be treated as set forth in the Plan. Under the Plan, each Debtor shall continue to exist after the Effective Date in accordance with the laws of their respective

states of incorporation and pursuant to their respective articles of incorporation or

organization and bylaws or operating agreement in effect prior to the Effective Date (except

to the extent such articles of incorporation or organization and bylaws or operating

amendments are amended pursuant to the Plan) without prejudice to any right to amend such

documents.

ACCORDINGLY, THE BANKRUPTCY COURT HEREBY ORDERS THAT:

1.     <u>Confirmation</u>.  The Plan, as amended or modified, including all exhibits and

attachments to the Plan and the Plan Supplement filed by Hendricks Furniture Group, LLC

and its Affiliated Debtors is approved and the Plan is hereby confirmed under section 1129 of

the Code. The Plan, including all terms, all exhibits and attachments of the Plan, as amended

or modified, are incorporated by reference into and are an integral part of this Confirmation

Order.  The failure to include or specifically reference any particular provision of the Plan in

this Confirmation Order shall not diminish or impair the effectiveness of such provision.

2.     <u>Substantive Consolidation</u>.  The Substantive Consolidation provisions of the

Plan including, without limitation, Section 5.4 of the Plan are approved.

3.     <u>No Objections</u>.  There were no objections filed to the Confirmation of the

Plan.

4.     <u>Severability</u>.  Each term and provision of the Plan is valid and enforceable

pursuant to its terms.

5.     <u>Considerations Regarding Voting Amounts and Classifications</u>.     The

classification and allowance of Claims and Interests for purposes of the distributions to be

made under the Plan shall be governed solely by the terms of the Plan.  The classifications

and amounts of Claims set forth on the Ballots for voting purposes do not constitute an

allowance of any Claim for purposes of distribution under the Plan. The Debtors and the Committee retain all rights to contest the amount, classification or validity of any Claim for purposes of allowance and/or distribution under the Plan, as provided in the Plan and this Confirmation Order.

6.    <u>Vesting Of Assets</u>. On the Effective Date pursuant to section 1141(b) of the Code, the vesting of Assets in the Debtors: (i) are and shall be legal, valid, and effective transfers of property; (ii) vest and shall vest the transferee with good title to such property free and clear of all Liens, Claims, encumbrances, and Interests of any Person, except as expressly provided in the Plan or the Confirmation Order; (iii) do not and shall not constitute avoidable transfers under the Code or under applicable bankruptcy or non-bankruptcy law; and (iv) do not and shall not subject the Debtors to any liability by reason of such transfer under the Code or under applicable non-bankruptcy law, including any laws affecting successor or transferee liability. For avoidance of doubt, all Liens of the Debtors granted to BB&T, whether prior to or after the Petition Date, shall survive and shall be deemed to secure the obligations of the Reorganized Debtors under the Exit Financing, without the need for further filing, recording, or any other act on the part of BB&T.

7.    <u>Effects Of Confirmation; Immediate Effectiveness; Successors And Assigns</u>. The Bankruptcy Court authorizes the Debtors to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date as provided in Section 9.2 of the Plan, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan, as amended or modified, (including all exhibits and attachments thereto, and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) all holders of

Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) each Person acquiring property under the Plan, (d) any other party-in-interest, (e) any Person making an appearance in these Chapter 11 Cases, (f) any Person receiving notice of the Bankruptcy Cases or the Plan, and (g) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. Upon the making of the Distributions to be made on the Effective Date or soon thereafter, the Plan shall be deemed substantially consummated under sections 1101 and 1127(b) of the Code.

7.    <u>Causes of Action and Avoidance Actions</u>. Except as expressly provided for in the Plan or this Confirmation Order, any and all Causes of Action of any kind or nature whatsoever against parties arising before the Effective Date, whether known or unknown, asserted or unasserted, matured or unmatured and regardless of whether the existence of same has been disclosed, excluding Avoidance Actions, shall survive the Effective Date of the Plan and shall be preserved for the benefit of the Debtors and their creditors, and shall be enforceable by the parties set forth in the Plan in the name of the Debtors or otherwise. All Causes of Action, excluding Avoidance Actions, are reserved and preserved to the extent set forth in the Plan, including, without limitation, this Order and Section 10.3 of the Plan. Confirmation of this Plan shall not be deemed res judicata or waiver or the basis for estoppel or create any defense as to the prosecution to judgment on the merits of any and all claims of the Debtors, Causes of Action, excluding Avoidance Actions, by the Debtors, whether an action to prosecute such claims of the Debtors or Causes of Action are filed prior to or after confirmation of the Plan.    Notwithstanding any provision of this Plan or this Order, upon

entry of this Confirmation Order and the occurrence of the Effective Date, the Debtors (i) shall not pursue Avoidance Actions that may or may not exist and (ii) shall not use the possible existence of an Avoidance Action to object to any Claim. Nothing shall prevent the Debtors, the Committee or any other party in interest from pursuing all other objections to Claims or from asserting any facts or claims, relating in any manner to any Avoidance Action as a defense, affirmative defense or counterclaim to any Cause of Action that may be commenced against or in reference to any one or more of the Debtors or the Reorganized Debtors.

8.    <u>Continuance and Powers of the Committee</u>.  The Committee shall continue in existence until the later of (i) 30 days following the date of the Initial Distribution to the Holders of Allowed Class 8B Claims, (ii) the date any pleading filed by the Committee shall have been resolved by the Bankruptcy Court by a Final Order, and (iii) all objections to Claims have been concluded (the "Dissolution Date"), for the purpose of exercising those powers and performing those duties specified in section 1103 of the Code and such other duties as it may have been assigned by the this Plan or by the Bankruptcy Court.  On the Dissolution Date, the Creditors' Committee shall be dissolved and its members shall be deemed released of any continuing duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Plan and its implementation, and the retention and employment of the Creditors' Committee's attorneys, accountants and other agents shall terminate, except with respect to all Fee Claims and Committee members' expense claims.  All expenses of Creditors' Committee members and the fees and expenses of their professionals through the Dissolution Date which are Allowed Claims shall be paid in accordance with the terms and conditions of the Fee Order and the Plan.  Counsel to the Creditors' Committee shall be

entitled to reasonable compensation and reimbursement of actual, necessary expenses for Dissolution Date activities authorized hereunder upon the submission of invoices to the Reorganized Debtors.

9.    Rejection and Assumption of Executory Contracts and Unexpired Leases. Except as otherwise provided in this Confirmation Order, upon the Effective Date, the Debtors or Reorganized Debtors hereby assume all executory contracts and unexpired leases (as they may have been modified) as set forth in Schedule 7.1 filed with the Plan Supplement and reject all other executory contracts and unexpired leases as set forth in Section 7.1 of the Plan.

10.    Rejection Damages Claims.  **If the rejection of any executory contract or unexpired lease under the Plan gives rise to a Claim, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 8; provided, however, that the Claim arising from such rejection shall be forever barred and shall not be enforceable against the Debtors or Reorganized Debtors, the Estates or their Assets, their successors or properties, unless a proof of such Claim is filed and served on the Debtors and the Claims Agent within thirty (30) days after the Effective Date.  Failure to comply with this deadline shall forever bar the Holder of such a Claim from seeking payment thereof.**

11.    Cure Amounts.  Unless otherwise noted in the Schedule 7.1, the cure amount pursuant to section 365(b)(1) of the Code for each assumed executory contract or unexpired lease is $0.00.

12.    Insurance Policies.  Notwithstanding anything to the contrary in the Plan, any insurance policy in effect as of the date of the Effective Date that provides insurance

coverage to the Debtors or their officers, directors and employees shall remain in effect through its expiration in accordance with the terms and conditions of such policy. To the extent that any such policies are deemed to be an executory contract, the assumption of such policies is hereby approved and the cure amount with respect thereto is $0.00.

13. <u>Discharge</u>. The discharge provisions set forth in the Plan, including, without limitation, Sections 10.1 and 10.2 of the Plan are hereby approved in their entirety. **Except as otherwise provided in the Plan or this Order, as of the Effective Date, the Debtors and all successors in interest, including, without limitation, the Reorganized Debtors, shall be discharged from, and this Order shall operate as a permanent injunction against, the commencement or continuation of any action, the employment of any process, or any act to collect, recover, offset or recoup, right to sue, on account of any Claim, from or against the Debtors or the Reorganized Debtors, their Estates and any and all successors in interest (including, without limitation, any direct or indirect transferee of any property or any direct or indirect successor in interest), and all successors' liability in respect thereof shall be extinguished completely, and the Debtors and the Reorganized Debtors and all successors in interest (including, without limitation, any direct or indirect transferee of any property or any direct or indirect successor in interest) shall be released and discharged from any Claim or Interest of a kind specified in section 502(g), 502(h) and 502(i) of the Code, whether or not a proof of such Claim is filed or deemed filed under section 501 of the Code, such Claim is allowed under section 502 of the Code, or the Holder of such Claim or Interest has accepted the Plan. All Holders of Claims, shall be precluded and enjoined, from and after the Confirmation Date, from asserting against the Debtors or the Reorganized Debtors,**

their Estates or any successors or assigns in interest or any of their respective Assets or property, based upon any Claim, existing prior to the Confirmation Date, whether or not such Holder has filed a proof of Claim and whether or not the facts or legal basis therefore were known or existed prior to the Confirmation Date.

In accordance with the foregoing, except as provided in the Plan or this Order, as of the Effective Date, the Confirmation Order will be a judicial determination of a discharge of all Claims against the Debtors, pursuant to sections 524 and 1141 of the Code, and such discharge will void any judgment obtained against a Debtor or its successors at any time and shall act as res judicata or collateral estoppel as against third parties, but not as to the Debtors or the Reorganized Debtors, their Estates or any and all successors in interest.  Except as otherwise provided in the Plan or this Order, the rights afforded in the Plan and the payments and distributions to be made thereunder, shall completely satisfy all existing Claims and all Equity Interests, of any kind, nature, or description whatsoever against or in the Debtors or any of their respective Assets to the fullest extent permitted by section 1141 of the Code.

14.    <u>Special Discharge Provisions for Class 8C Claims.</u>    Notwithstanding the Discharge provisions of this Plan, the Claims of the Holders of Allowed Class 8C Claims shall not be discharged until the Class 8C Distribution has been made to the Holders of Allowed Class 8C Claims.  The Holders of Allowed Class 8C Claims shall be subject to the provisions of the Plan, including, the injunction relief set forth in the Plan and applicable law against taking, directly or indirectly, any action against the Debtors, the Reorganized Debtors or the Disbursing Agent based on the existence of any Class 8C Claim other than to seek to enforce the rights of such Holder pursuant to the Plan.

Upon the payment of the Class 8C Distribution to the Holders of Allowed Class 8C Claims (excluding N. Jane Hendricks), the balance of all Class 8C Claims existing as of the Confirmation Date (other than the Hendricks Claims that are subordinated under this Plan) shall be deemed fully and completely discharged by the Plan

15.    <u>Exculpation</u>.    The exculpation provisions set forth in the Plan, including, without limitation, Section 10.5 of the Plan are hereby approved in their entirety. **From and after the Effective Date, except as specifically provided herein or in any agreement or instrument contemplated herein: (a) the Debtors, (b) all current officers and directors of the Debtors, and all other agents, employees, professionals, and representatives of the Debtors; (c) the Committee, their members, acting in such capacity, and its professionals; and (d) BB&T and its agents, employees and professionals (collectively, with each of their predecessors and successors in interest and their respective officers, directors, employees, agents, professionals and other representatives, acting in such capacity, the "Exculpated Parties") shall neither have nor incur any liability to any Holder of a Claim or Interest, or a governmental entity on behalf of a Holder of a Claim or Equity Interest for any act taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, implementation, administration, Confirmation or consummation of the Plan, Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors arising from and after the Petition Date until the Confirmation Date (the "Exculpated Claims") to the fullest extent permitted by law; <u>provided</u>, <u>however</u>, that the foregoing provisions of this Order**

or the Plan shall have no effect on the liability of any entity that results from any such act or omission that has been determined in a Final Order to have constituted willful misconduct or bad faith. From and after the Effective Date, all Holders of a Claim or Interest are permanently enjoined from commencing or continuing in any manner, any suit, action or other proceeding, on account of or respecting any Exculpated Claims against an Exculpated Party pursuant to the Plan.

16.    <u>Injunction</u>. The injunction provisions set forth in the Plan, including, without limitation, Section 10.6 of the Plan are hereby approved in their entirety. Except as otherwise provided in the Plan or this Order, confirmation of this Plan shall have the effect of, among other things, permanently enjoining all Persons who have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in any of the Debtors or the Reorganized Debtors against any of the Debtors or Reorganized Debtors or their Assets, including but not limited to Holders of Class 8B and 8C Claims, with respect to any such Claim or Interest from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under or expressly reserved by the Plan): (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estates, the Debtors, the Reorganized Debtors or any of their then existing or subsequently acquired property or assets, including the Assets; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the

Estates, the Debtors, the Reorganized Debtors  or any of their then existing or subsequently acquired property or assets, including the Assets; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estates, the Debtors, the Reorganized Debtors or any of their then existing or subsequently acquired property or assets, including the Asset; (d) asserting any right of setoff, or recoupment directly or indirectly, against any obligation due or Assets of the Estates, the Debtors, the Reorganized Debtors or any of their then existing or subsequently acquired property or assets, including the Assets, except as contemplated or allowed by the Plan; (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (f) prosecuting or otherwise asserting any Claim or Interest, including any right, claim or cause of action, released pursuant to the Plan. Any Person who accepts the Plan, either by affirmation vote or by the acceptance of the Plan by the consolidated Class in which such Person is a member, shall be deemed to have given the releases, waivers, injunctions and exculpations to the fullest extent provided by law.

17.    Terms of Injunctions or Stays.  Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 or 362 of the Code or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Effective Date after which the permanent injunctions of the Plan, this Order and the Code will be given full force and effect.

18.    General Authorizations.  The Debtors and/or the Reorganized Debtors are authorized to execute, deliver, file, or record such contracts, instruments, notes and other agreements or documents and take such actions as may be necessary or appropriate to

effectuate, implement and further evidence the terms and conditions of the Plan, including, without limitation, completing the Exit Financing, the Disbursing Agent's Agreement and amendments, if appropriate, of applicable operating agreements, by-laws or similar documents. The Debtors, their respective managers, directors, officers, agents and attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement, document or security, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or to take any or all corporate actions authorized to be taken pursuant to the Plan without further order of the Bankruptcy Court, and any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with their terms and the provisions of state law.    Upon execution and delivery of the Exit Financing, including all loan documents, notes, security agreements, mortgages, and other documents and instruments related thereto (collectively, the "Exit Financing Documents"), (x) the obligations of the Reorganized Debtors under the Exit Financing Documents shall be legal, valid and enforceable obligations, and (y) the transactions contemplated by the Exit Financing Documents shall not constitute preferential or fraudulent transfers under the Code or any other applicable law.

19. <u>Exemption From Certain Taxes And Recording Fees</u>.  Any transfer of all or any portion of the Assets pursuant to this Plan shall constitute a "transfer under a plan" within the purview of section 1146(c) of the Code and shall not be subject to any stamp tax or similar tax.

20. <u>Bar Date for Certain Administrative Expense Claims</u>.   **With respect to Administrative Claims (other than Fee Claims) not subject to the Administrative Claim Bar Date Order, including those Administrative Claims arising after July 31, 2009, a**

Holder of such Administrative Claim and which Claims the Debtors or the Reorganized

Debtors are not paying in the ordinary course of business must file with the Bankruptcy

Court and serve on the Reorganized Debtors a request for payment of such Claim so as

to be received on or before 4:00 p.m. (Eastern Time) on the date that is the first

Business Day after the date that is thirty (30) days after the Effective Date, unless

otherwise agreed to by the appropriate Debtor or Reorganized Debtor, without further

approval by the Bankruptcy Court.  Failure to comply with these deadlines shall

forever bar the holder of such Administrative Claim from seeking payment thereof.

21.  <u>Bar Date for Professional Fee Claims</u>.  All final applications for

allowance and payment of Fee Claims must be filed with the Bankruptcy Court and

served in accordance with the Fee Order by the date that is the first Business Day after

the date that is sixty (60) days after the Effective Date unless otherwise agreed to by the

Debtors, without further approval by the Bankruptcy Court.  Failure to comply with

these deadlines shall forever bar the holder of a Fee Claim from seeking payment

thereof.

22.  <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall

constitute all approvals and consents required, if any, by the laws, rules or regulations of any

state or any other governmental authority with respect to the implementation or

consummation of the Plan and any documents, instruments or agreements, and any

amendments or modifications thereto, and any other acts referred to in or contemplated by

the Plan, the Disclosure Statement and any documents, instruments or agreements, and any

amendments thereto.

{00174166 v 1}

23.    <u>Payment of Fees</u>.  The Debtors shall continue to file quarterly reports and pay all fees due and payable under 28 U.S.C. § 1930 until the closing of the Chapter 11 Cases.

24.    <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising out of, arising in, and related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other items and matters, those items and matters set forth in Article XI of the Plan.

25.    <u>Filing And Recording</u>.  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been released, satisfied and terminated to the extent provided herein or in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record, or release any document or instruments.  Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order and to the extent appropriate, without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

26.    <u>Reference to Plan Provisions</u>.  The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

27.    <u>Notices</u>. The Debtors shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date in accordance with Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c); <u>provided</u>, <u>however</u>, that notice need not be given or served under the Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom the Debtors mailed a notice of the Bar Date or Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Person of that Person's new address.  The notice described herein is adequate under the particular circumstances of these Chapter 11 Cases, and no other or further notice is necessary.  Service of notice in accordance with this decretal paragraph shall constitute good and sufficient notice of the bar date for Fee Claims and the Administrative Claims Bar Date, and no other or further notice of such bar dates shall be required.

28.    <u>Binding Effect.</u>  Pursuant to sections 1123(a) and 1142(a) of the Code and the provisions of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtors, the Reorganized Debtors, all present, future and former holders of Claims and Interests and their respective heirs, personal representatives, successors and assigns.

29.    <u>Modification</u>.  The Plan may be altered, amended or modified after the Confirmation Date only in accordance with section 1127 of the Code.

30.    <u>Final Order.</u> Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule, to the extent applicable, the Bankruptcy Court finds that there is no reason for delay in the implementation of this Confirmation Order, and thus this Confirmation Order shall be effective and enforceable immediately upon the entry hereof.

This Order has been signed electronically.  The judge's                    United States Bankruptcy Court
signature and court's seal appear at the top of the Order.